A CERTIFIED TRUE COPY

MAY 17 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 17 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

## DOCKET NO. 1668

### *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE FEDERAL NATIONAL MORTGAGE ASSOCIATION SECURITIES, DERIVATIVE & "ERISA" LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation presently consists of ten actions: seven actions in the District of the District of Columbia and one action each in the District of New Jersey, the Southern District of New York and the Southern District of Ohio.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by the Federal National Mortgage Association (Fannie Mae) and affiliated individuals to centralize all but one of these actions in the District of the District of Columbia for coordinated or consolidated pretrial proceedings. Plaintiff in one District of Columbia securities action along with plaintiffs in the four District of Columbia derivative actions and the ERISA action pending there support the motion. The two Ohio plaintiffs which have already been appointed as lead plaintiffs[2] oppose 1407 centralization. If the Panel deems centralization appropriate, they suggest centralization of only the securities actions in the Southern District of Ohio. The New Jersey derivative plaintiff opposes inclusion of his action in MDL-1668 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the District of the District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient

---

[1] Eight other District of Columbia and two other New York securities actions on the MDL-1668 motion have been dismissed. Accordingly, the question of inclusion of these dismissed actions in MDL-1668 proceedings is moot.

One other action – *Jeffrey Bader v. Franklin D. Raines, et al.*, D. New Jersey, C.A. No. 2:05-175 – was not included on the MDL-1668 motion and is now included in this transfer order. All parties to this action had notice of the proceedings before the Panel relating to Section 1407 centralization and had an opportunity to participate in those proceedings by stating their respective positions in writing and during the Panel's hearing session.

The Panel has been notified that seven potentially related actions have recently been filed as follows: six actions in the District of the District of Columbia and one action in the Southern District of New York. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Ohio Public Employees Retirement System and State Teachers Retirement System of Ohio.

- 2 -

conduct of the litigation. All actions share factual questions arising out of alleged accounting irregularities at Fannie Mae as detailed in the September 2004 Office of Federal Housing Enterprise Oversight report. Whether the actions be brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Fannie Mae, or participants in Fannie Mae's retirement savings plans suing for ERISA violations, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary. *See In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, 196 F.Supp.2d 1375 (J.P.M.L. 2002).

The Panel is persuaded that the District of the District of Columbia is an appropriate transferee district for this litigation. We note that i) Fannie Mae is headquartered within the District of Columbia and documents and witnesses can likely be found there, ii) securities, derivative and ERISA actions are already pending in the District of Columbia district, and iii) this district is readily accessible for parties and witnesses.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A pending outside the District of the District of Columbia are transferred to the District of the District of Columbia and, with the consent of that court, assigned to the Honorable Richard J. Leon for coordinated or consolidated pretrial proceedings with the actions pending there.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1668 -- In re Federal National Mortgage Association Securities, Derivative & "ERISA" Litigation

### District of District of Columbia

*Vincent Vinci v. Federal National Mortgage Association, et al.*, C.A. No. 1:04-1639
*Sidney Horn, etc. v. Franklin D. Raines, et al.*, C.A. No. 1:04-1783
*David Gwyer v. Federal National Mortgage Association, et al.*, C.A. No. 1:04-1784
*Richard Mandel v. Timothy Howard, et al.*, C.A. No. 1:04-1827
*Anne E. Flynn, et al. v. Fannie Mae, et al.*, C.A. No. 1:04-1843
*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust, etc. v. Franklin D. Raines, et al.*, C.A. No. 1:04-1852
*Hedda Rudoff, etc. v. Franklin D. Raines, et al.*, C.A. No. 1:04-1960

### District of New Jersey

*Jeffrey Bader v. Franklin D. Raines, et al.*, C.A. No. 2:05-175

### Southern District of New York

*Patricia B. Arthur, etc. v. Franklin D. Raines, et al.*, C.A. No. 1:04-8294

### Southern District of Ohio

*Ohio Public Employees Retirement System, et al. v. Fannie Mae, et al.*, C.A. No. 2:04-1106